

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 9, 2013**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WESLEY CARROLL BAYLOR , | § | Case No. 09-20105-RLJ-7 |
| | § | |
| Debtor. | § | |

_____

| | | |
|---|---|---|
| WESLEY CARROLL BAYLOR, | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 12-02027 |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

The United States, through the Internal Revenue Service ("IRS"), has moved for summary judgment in its favor on the issues raised in this adversary proceeding by the plaintiff and debtor, Wesley C. Baylor ("Baylor"). By his complaint filed here, Baylor seeks a determination of the dischargeability of his tax liability for tax year 2003 of $17,146.20, plus

penalties and interest. Baylor submits that such taxes should be classified as a general unsecured *non-priority* claim in his bankruptcy and thus discharged under the chapter 7 discharge granted him on October 16, 2012. *See* Order Discharging Debtor [Docket No. 68, Case No. 09-20105]. The IRS submits that Baylor's 2003 tax liability constitutes a priority non-dischargeable claim and is thus not dischargeable under §§ 507(a)(8)(A)(ii) and 523(a)(1)(A) of the Bankruptcy Code.

The summary judgment evidence establishes that the 2003 taxes were assessed on November 24, 2008, and thus well within the 240 days of Baylor's bankruptcy filing. Baylor filed his bankruptcy initially as a chapter 13 case on February 27, 2009. Baylor was unable to successfully complete his chapter 13 plan and converted his case to a chapter 7 proceeding on June 14, 2012. *See* Notice of Conversion [Docket No. 49, Case No. 09-20105].

Baylor argues that the IRS should be bound by its prior proofs of claim by which the IRS labeled the 2003 taxes as a general unsecured claim. *See* Claim Nos. 1-3, 1-4, and 1-5, Case No. 09-20105. Baylor also contends that the IRS is bound by his chapter 13 plan, which was confirmed by the Court on June 17, 2009, and which treated Baylor's tax liability for 2003 as a general unsecured claim not entitled to priority treatment.

Baylor does not dispute that the IRS assessed his 2003 taxes on November 24, 2008, or that the amount of taxes due as of the petition date for such year was $17,146.20, with related interest of $9,387.26. Baylor failed to complete his chapter 13 plan. Thus the plan and its treatment of the IRS is not binding on the IRS. *See In re Dorsey*, 505 F.3d 395, 398–99 (5th Cir. 2007). The IRS's most recent amendment to its proof of claim [Claim No. 1-6, Case No. 09-20105] reflects that Baylor's 2003 taxes constitute a priority claim under § 507(a)(8) of the

Bankruptcy Code.  (As a basis for any distribution from the estate for this claim, this amendment was unnecessary as Baylor's chapter 7 case was a "no asset" case and thus no distributions were made.  *See* Trustee's Docket Entry on July 25, 2012, Case No. 09-20105.)

Baylor's response to the IRS's motion for summary judgment implies that the IRS's assessment in November 2008 was improper because the IRS lost Baylor's 2003 return, which, Baylor alleges, he timely filed.  Baylor also alleges that the IRS entered into a "compromise" with him to resolve his objection to the IRS's initial proof of claim [Claim No. 1-1, Case No. 09-20105] that asserted the 2003 taxes were part of a priority claim.  But Baylor offered no summary judgment evidence to support either the factual allegation of an improper assessment or of a compromise with the IRS.  Mere allegations do not suffice.  In addition, there is no dispute that the IRS assessed Baylor's 2003 taxes in November 2008.  Baylor does not address the legal issue of whether it was proper for the IRS to assess Baylor's 2003 taxes when it did.

Baylor's 2003 income taxes were assessed within 240 days of his bankruptcy filing; they are therefore excepted from his discharge.  *See* §§ 507(a)(8)(A)(ii), 523(a)(1)(A).

The Court finds no genuine dispute as to any material fact and concludes that the IRS, on behalf of the United States, is entitled to judgment as a matter of law.  Such judgment shall provide that Baylor's federal income taxes of $17,146.20 and related interest of $9,387.26 for tax year 2003 were not discharged by his chapter 7 discharge.  Counsel for the IRS is instructed to submit a judgment in accordance with this memorandum opinion.

### End of Memorandum Opinion ###